United States District Court
Southern District of Texas

**ENTERED**

April 01, 2026

Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| REBECCA J. SINGLETON, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:23-cv-00349 |
| | § | |
| NEWREZ, LLC, *et al.*, | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM AND RECOMMENDATION

Defendant Newrez, LLC has filed a motion for summary judgment. *See* Dkt. 18. Because res judicata bars all claims brought by Plaintiff Rebecca Singleton in this lawsuit, I recommend that the motion be granted.

### BACKGROUND

This is one of three separate lawsuits filed by Singleton concerning the alleged wrongful foreclosure of her home in May 2023.

**The First Lawsuit (a/k/a the Federal Lawsuit)**: On September 20, 2023, Singleton filed this lawsuit against Newrez, Huy Diep, and An Quoc Vu in the 149th District Court of Brazoria County, Texas.[1] *See* Dkt. 1-1. Singleton acknowledges that she had been behind in some of her mortgage payments, but claims that she paid Newrez $23,214.18 on May 1, 2023, to reinstate the loan. Even so, Newrez foreclosed Singleton's home on May 2, 2023. In her operative pleading, Singleton asserts a cause of action for "illegal foreclosure." *Id.* at 6. Newrez timely removed this lawsuit to federal court. For convenience, I will refer to the first lawsuit as "the Federal Lawsuit." This is the case currently before the court.

**The Second Lawsuit**: On January 29, 2024, Singleton filed for bankruptcy protection in the United States Bankruptcy Court for the Southern District of Texas. As part of the bankruptcy proceedings, Singleton commenced an

---

[1] Diep and Vu are third-party purchasers of the home at issue.

adversary proceeding against Newrez, Diep, and Vu. Just a few months later, the bankruptcy judge dismissed the bankruptcy action and also dismissed the adversary proceeding without prejudice.

**The Third Lawsuit (a/k/a the State Lawsuit)**: On September 19, 2024, Singleton filed another lawsuit in state court. *See Singleton v. Vo*, No. 130703-cv-A (412th Judicial District Court of Brazoria County, Texas); Dkt. 18-1. I will refer to this case as "the State Lawsuit." The defendants in the State Lawsuit are identical to the defendants in the Federal Lawsuit—Newrez, Diep, and Vu.[2] In the State Lawsuit, as in the Federal Lawsuit, Singleton alleges that she made a May 1, 2023 payment to bring her loan current and the May 2, 2023 foreclosure should not have taken place. As in the Federal Lawsuit, Singleton seeks to unwind the foreclosure sale, a permanent injunction to prevent foreclosure, and monetary damages. It is unclear why Singleton filed the State Lawsuit when the Federal Lawsuit asserting the same claims was already pending, but the lawyer who filed the State Lawsuit is not the same lawyer who filed the Federal Lawsuit.

A few months after the State Lawsuit was filed, the parties agreed to abate the State Lawsuit and proceed with the Federal Lawsuit. To that end, the state court entered an Agreed Order Abating Case on January 23, 2025, specifying that the State Lawsuit is "**ABATED** pending a final disposition of" the Federal Lawsuit. Dkt. 19-10 at 1.

In June 2025, Newrez's counsel emailed Singleton's counsel, explaining that Newrez planned to file a motion to reopen the State Lawsuit. *See* Dkt. 22-1 at 3. Newrez's counsel inquired whether Singleton was opposed or unopposed to the proposed motion. Singleton's counsel responded: "So why did Newrez change their minds about state court?" *Id.* at 2. Newrez's counsel answered:

> I think it will be more efficient to proceed on the [State Lawsuit] filed by you—Ms. Singleton's current counsel—on the petition you drafted, rather than her former counsel's lawsuit and petition that mis-

---

[2] Vu is incorrectly identified as Vo in the State Lawsuit.

> identified the third-party purchasers as a substitute trustee. Give me a call if you'd like to discuss in more detail.
>
> Otherwise, is Ms. Singleton opposed or unopposed to reopening the [State L]awsuit?

*Id.* at 1. In response, Singleton's counsel stated: "We are unopposed." *Id.* With that confirmation, Newrez filed an Unopposed Motion to Un-Abate Case in the State Lawsuit on June 18, 2025. Dkt. 19-7.

Newrez also filed a motion for summary judgment in the State Lawsuit on June 18, 2025, seeking dismissal of Singleton's claims with prejudice. On July 23, 2025, the state court judge granted Newrez's motion, dismissing the State Lawsuit with prejudice. *See* Dkt. 18-2. The order granting the motion for summary judgment reflects that it "is a final judgment, and is appealable." *Id.* at 2.

**SUMMARY JUDGMENT STANDARD**

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine issue of material fact exists when there is evidence sufficient for a rational trier of fact to find for the non-moving party." *Schnell v. State Farm Lloyds*, 98 F.4th 150, 156 (5th Cir. 2024) (quotation omitted). "The movant has the burden of showing that there is no genuine issue of fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). If the movant makes such a showing, "the burden shifts to the non-movant to produce evidence of the existence of such an issue for trial." *Brandon v. Sage Corp.*, 808 F.3d 266, 270 (5th Cir. 2015) (quotation omitted). The nonmoving party "must go beyond the pleadings and come forward with specific facts indicating a genuine issue for trial to avoid summary judgment." *Id.* (quotation omitted). At this stage, I "view all facts, and the inferences to be drawn from them, in the light most favorable to the nonmovant." *Id.* at 269 (quotation omitted).

## ANALYSIS

In its motion for summary judgment, Newrez argues that "the elements of *res judicata* are conclusively established and [Singleton's] claims and causes of action against Newrez are barred as a matter of law." Dkt. 18 at 6. I agree.[3]

"Claim preclusion, or res judicata, bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). The purpose of res judicata is to prevent vexatious litigation, promote judicial economy, and give finality to judgments. *See Weaver v. Tex. Cap. Bank N.A.*, 660 F.3d 900, 908 (5th Cir. 2011).

I must apply Texas law where, as here, the judgment at issue "was rendered by a Texas state court." *Wainscott v. Dallas County*, 408 F. App'x 813, 815 (5th Cir. 2011). The elements of res judicata under Texas law are "(1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action." *Harmon v. Dallas County*, 927 F.3d 884, 890 (5th Cir. 2019) (quoting *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996)). All three elements are met here.

First, the "state court's grant of [Newrez's motion for] summary judgment counts as a final judgment and carries the same preclusive effect in federal court that Texas state courts would afford it." *Thompson v. Dall. City Attorney's Off.*, 913 F.3d 464, 470 (5th Cir. 2019) (quotation omitted). Singleton argues that the

---

[3] Newrez also argues that the *Rooker-Feldman* doctrine bars a collateral attack on the State Lawsuit's final judgment. This argument is contrary to *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, in which the United States Supreme Court held that the *Rooker-Feldman* doctrine did not bar a federal court from exercising jurisdiction simply because a later-filed state court action litigated to final judgment before a first-filed federal court action. 544 U.S. 280, 292 (2005) ("[N]either *Rooker* nor *Feldman* supports the notion that properly invoked concurrent jurisdiction vanishes if a state court reaches judgment on the same or related question while the case remains *sub judice* in a federal court."). In that circumstance, the high court held that "[d]isposition of the federal action, once the state-court adjudication is complete, would be governed by preclusion law." *Id.* at 293.

state court judgment lacks finality because she is presently pursuing a bill of review in the state court system. This argument misses the mark. "A bill of review is an equitable proceeding to set aside a [final] judgment that is no longer appealable or subject to a motion for new trial." *Transworld Fin. Servs. Corp. v. Briscoe*, 722 S.W.2d 407, 407 (Tex. 1987). Under Singleton's twisted logic, no judgment would ever constitute a final judgment for res judicata purposes because a party can always file a bill of review seeking to set aside a final judgment. This is not—and has never been—the law. By filing a bill of review, Singleton is acknowledging that there is a binding and enforceable final judgment in place. The first element is satisfied.

Second, the parties in the State Lawsuit and the Federal Lawsuit are identical. Singleton is the plaintiff in both cases. Newrez, Diep, and Vu are the defendants in both cases. The second element is satisfied.

Third, the Federal Lawsuit is based on the same claims that were raised or could have been raised in the State Lawsuit. Both lawsuits concern the same property, the same mortgage loan, the same alleged May 1, 2023 payment, and the same May 2, 2023 foreclosure sale. In both cases, Singleton asked the court to set aside the foreclosure sale, enjoin further foreclosure activity, and award monetary damages. There is no difference between the two actions, other than one was filed in federal court and one was filed in state court. The third element is satisfied.

The Federal Lawsuit is unquestionably barred by res judicata, and Newrez is entitled to summary judgment.

In a last-ditch effort to avoid summary judgment, Singleton claims that the application of res judicata here would be fundamentally unfair because she did not have a "full and fair opportunity" to litigate prior to the issuance of the State Lawsuit final judgment. Dkt. 19 at 10. It is Singleton's position that, "due to her ongoing health issues, [Singleton's counsel] was unable to prepare and file an opposition to Newrez's motion [for summary judgment] or appear at the [summary judgment] hearing to defend her client." *Id.* at 11. Although an exception

to res judicata does exist if a party did not receive a full and fair opportunity to litigate her claims in state court, the exception is quite narrow. *See Kremer v. Chem. Const. Corp.*, 456 U.S. 461, 481 n.22 (1982). "[S]howing that a party enjoyed a full and fair opportunity to litigate requires only that 'state proceedings . . . do no more than satisfy the minimum procedural requirements of the Fourteenth Amendment's Due Process Clause.'" *MEC, Inc. v. Lowndes Cnty. Bd. of Supervisors*, 759 F. App'x 331, 337 (5th Cir. 2019) (quoting *Kremer*, 456 U.S. at 481). "Satisfying these minimum procedural requirements is enough for state court judgments to retain their preclusive effect in federal courts." *MEC, Inc.*, 759 F. App'x at 337. As a general rule, "due process [i]s satisfied and . . . preclusion cannot be defeated by dissatisfaction with the quality of the state proceedings." *Id.* (quotation omitted); *see also Kremer*, 456 U.S. at 485 (a litigant's "fail[ure] to avail himself of the full procedures provided by state law does not constitute a sign of their inadequacy").

I am genuinely sorry to hear that Singleton's counsel suffered "a severe and ongoing medical crisis that required hospitalization and prevented her from" adequately representing her client's interests. Dkt. 19 at 6. Even if true, that is not a sufficient reason to ignore settled principles of res judicata.[4] As the United States Supreme Court has explained:

> [W]e do not see the grave injustice which would be done by the application of accepted principles of res judicata. "Simple justice" is achieved when a complex body of law developed over a period of years is evenhandedly applied. The doctrine of res judicata serves vital public interests beyond any individual judge's ad hoc determination of the equities in a particular case.

---

[4] Although Singleton's counsel contends that her health issues prevented her from responding to the motion for summary judgment filed in the State Lawsuit, the record suggests otherwise. A day before the summary judgment response was due, Singleton's counsel informed Newrez's counsel by email that "things have been a bit more chaotic than usual. I'm in court today and trial tomorrow." Dkt. 20-1 at 2.

*Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 401 (1981); *see also Heiser v. Woodruff*, 327 U.S. 726, 733 (1946) (There is simply "no principle of law or equity which sanctions the rejection by a federal court of the salutary principle of res judicata.").

## CONCLUSION

For the reasons discussed above, I recommend that Newrez's motion for summary judgment be granted, and this case be dismissed in its entirety.[5]

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this ___1st___ day of April 2026.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

---

[5] Although Diep and Vu are named as defendants in this action, there is no indication that either individual has been served. Nonetheless, "it is well-settled that a district court may grant summary judgment *sua sponte*, so long as the losing party has ten days notice to come forward with all of its evidence in opposition to summary judgment." *Love v. Nat'l Med. Enters.*, 230 F.3d 765, 770–71 (5th Cir. 2000) (quotation omitted). For the same reasons that res judicata precludes Singleton from pursuing the Federal Lawsuit against Newrez, res judicata bars Singleton's claims against Diep and Vu in the Federal Lawsuit. As such, I sua sponte recommend that summary judgment be entered in favor of Diep and Vu. Singleton has 14 days to object to this Memorandum and Recommendation and explain why summary judgment should not be awarded to Diep and Vu on the basis of res judicata. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2).